Carson Optical, Inc., v. Alista Corporation, et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY  ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 7th day of April, two thousand twenty.

Present:     DENNIS JACOBS,
             ROSEMARY S. POOLER,
             SUSAN L. CARNEY,
                  *Circuit Judges.*

_____

CARSON OPTICAL, INC.,

                    *Plaintiff-Appellant*,

             v.                                            19-2509

ALISTA CORPORATION, RQ INNOVASION INC.,

                    *Defendants-Appellees*.[1]

_____

Appearing for Appellant:     John R. Horvack Jr. (Damian K. Gunningsmith, *on the brief*), Carmody Torrance Sandak & Hennessey LLP, New Haven, CT.

Appearing for Appellee:      David D. Lin (Justin Mercer, *on the brief*), Lewis & Lin, LLC, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Feuerstein, *J.*).

---

[1] The Clerk of the Court is directed to amend the caption as above.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED**.

Carson Optical, Inc. appeals from the August 8, 2019 opinion and order of the United States District Court for the Eastern District of New York (Feuerstein, *J.*), denying Carson Optical's application for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65 to enjoin Alista Corporation and RQ Innovasion Inc. (collectively, "Defendants-Appellees") from advertising their magnifying mirrors on Carson Optical's product pages on Amazon.com. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

"We review the denial of a preliminary injunction for abuse of discretion." *Lynch v. City of New York*, 589 F.3d 94, 99 (2d Cir. 2009). "A district court abuses its discretion when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision—though not necessarily the product of a legal error or a clearly erroneous factual finding—cannot be located within the range of permissible decisions." *Cent. Rabbinical Cong. of U.S. & Canada v. N.Y.C. Dep't of Health & Mental Hygiene*, 763 F.3d 183, 192 (2d Cir. 2014) (internal quotation marks omitted).

Carson Optical argues that the district court erred in rejecting its application for a preliminary injunction on the basis that Carson Optical failed to establish the likelihood of irreparable harm in the absence of a preliminary injunction. We disagree. Generally, "[i]t is virtually impossible to prove that so much of one's sales will be lost or that one's goodwill will be damaged as a direct result of a competitor's advertisement." *Coca-Cola Co. v. Tropicana Prods., Inc.*, 690 F.2d 312, 316 (2d Cir. 1982). Here, however, the district court found based on a single declaration that Amazon's tracking of clicks on Defendants-Appellees' advertisements on Carson Optical's Amazon webpage would provide a basis to estimate Carson Optical's losses from the purportedly false advertisements. On appeal, Carson Optical has failed to show why the data referred to by the declaration would not provide a reasonable starting point for a suitable damages analysis. Absent such a showing we cannot identify clear error in the district court's finding.

Further, the challenged advertisements do not make any statement about or explicit comparison with the mirrors sold by Carson Optical. Rather, Carson Optical merely alleges that the advertisements are false and appear on Carson Optical's Amazon.com product pages. We agree with the district court that these assertions are too conclusory to establish irreparable harm through a loss of goodwill. The lack of direct reference to Carson Optical's products, as well as the district court's finding that Carson Optical would be able to estimate lost customers through click-tracking, distinguish this case from the comparative false advertising cases on which Carson Optical relies. *See Salinger v. Colting*, 607 F.3d 68, 82 (2d Cir. 2010) (explaining, in the copyright law context, that "by anchoring the injunction standard to equitable principles, albeit with one eye on historical tendencies [in past cases], courts are able to keep pace with innovation in this rapidly changing technological area.").

We thus conclude that the district court did not exceed the bounds of its discretion in rejecting Carson Optical's application for a preliminary injunction.

We have considered the remainder of Carson Optical's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk